RECEIVED
DEC 1 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Richard C. Bentley | Civil Action No. 08-1017 |
| versus | Judge Tucker L. Melançon |
| LCM Corporation, et al | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment filed by plaintiff, Richard C. Bentley, against defendants, LCM Corporation and Danny R. Hubbard II, pro se [Rec. Doc. 23], as well as oppositions to Bentley's motion filed by LCM [Rec. Doc. 30] and Hubbard [Rec. Doc. 32][1]. For the reasons that follow, the Motion For Summary Judgment will be denied.

This is an action for breach of contract filed by plaintiff, Richard C. Bentley. In his Complaint, plaintiff names as defendants LCM Corporation, an environmental consulting company, and Danny R. Hubbard, an employee of LCM. *R. 1, ¶¶ 3,4.* Plaintiff alleges that defendants are signatories to an "Agreement to Provide Consulting Services - 'Bentley v. Fanguy,'" executed and dated March 21, 2007 ("the Agreement"), in which defendants

---

[1] The Court has considered Hubbard's Memorandum in Opposition despite his failure to correct the Clerk of Court's Notice of Deficiency because he did not file a statement of material facts. *R. 33.* Hubbard's opposition, however, relies merely on his own allegations or denials to support his position, and therefore, fails to comply with Rule 56 of the Federal Rules of Civil Procedure.

agreed to support plaintiff's lawsuit against Fanguy. *Id. at* ¶ *5.* In particular, plaintiff alleges that defendants acted in bad faith with the improper motive to "sabotage" plaintiff's lawsuit when they failed to "render an opinion... prepared and delivered to Client [Bentley] in written format" and provided privileged confidential documents to Fanguy. *Id. at* ¶¶ *9,* 11. Finally, plaintiff alleges that defendants violated the contract by providing legal services and performing legal activities, contrary to the Agreement's terms. *Id. at* ¶¶ *16, 17.*

On August 19, 2008, LCM responded to plaintiff's Complaint by filing its Answer as well as a Counterclaim against plaintiff for breach of contract, tortious conversion, intentional and tortious interference with contract, and injury to trade or business. *R. 5.* LCM's counterclaims include the allegations that LCM and plaintiff had a contract; that LCM and Hubbard had an employment contract; that plaintiff was aware of the employment contract; that Hubbard formed MMH; that plaintiff had a financial interest in MMH, either as an investor or partner; that MMH competed with and was paid by plaintiff at the same time and on the project for which LCM had a contract with plaintiff; and, that at a time when Hubbard was an employee of LCM, plaintiff and Hubbard diverted funds rightfully due to LCM on such project and contract to MMH.

In his motion for summary judgment plaintiff moves the Court to dismiss LCM's Counterclaim against him and argues that the counterclaims are "wholly without merit and have no support whatsoever." *R. 25.* In support of his position, plaintiff submits his own affidavit dated September 15, 2008 stating that he is without knowledge as to LCM's

business activities, practices or operations; has had no separate dealings with LCM; has never been "investor and/or partner in MMH;" was never aware of a contract of employment between LCM and Hubbard; has never "diverted funds"or "converted funds;" has never failed to pay LCM for work performed; has never acted "willfully," "wantonly," or with "reckless disregard" such as to interfere with the business interest of LCM; has never "assisted" in whatever breach of fiduciary duties owned to LCM by Hubbard; and, never conspired with Hubbard.

In its Opposition to the Motion, LCM submits the affidavit of its President, Lawrence C. Musgrove III ("Musgrove"). Musgrove affirms that Hubbard was employed by LCM from October, 2005 until April, 2008, during which time he had a duty to work exclusively for LCM; that Hubbard began MMH prior to becoming employed by LCM; that in July, 2006 (while Hubbard was employed by LCM), plaintiff wrote Hubbard a $10,000.00 check made out to MMH *(Plaintiff's Complaint, R. 1, Exh. 4, pp. 12, 15 and 16)*; that Hubbard claims this payment was a capital investment *(Id., Exh. 4, p. 12)*, while plaintiff claims it was a loan,*(Id. at p. 15)*; that discovery is necessary, including obtaining the depositions of Hubbard and plaintiff and the Operating Agreement of MMH, in order to fully explore the relationship between plaintiff, Hubbard and MMH; that during the time period that Hubbard was employed by LCM, MMH also billed plaintiff $15,480.00 for services rendered which were covered by the contract with LCM, i.e. environmental consulting services *(Id., Exh. B, letter from plaintiff's counsel to Musgrove)*; that plaintiff knew that Hubbard was an employee of

3

LCM because Hubbard was the person who negotiated and signed the contract dated March 21, 2007 which is the subject matter of the Complaint; that the payments from plaintiff to MMH were for services covered by that contract, and; that such payments should have been made to LCM under that contract. *R. 30-2, 11/13/08 Aff. Of Musgrove.*

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.*, 920 F.2d 272 (5th Cir. 1991). As evidenced by the foregoing, the parties' affidavits each submit different versions of the relevant facts, and therefore, create genuine issues of material facts. A case in such a posture is not properly disposed of by summary judgment. Plaintiff's motion will thus be denied.

COPY SENT:
DATE: 12/11/08
BY: CAS
TO: PQ