**RICHARD C. BENTLEY**                    **CASE NO.: 08-CV-1017**

**VS.**                                   **JUDGE MELANÇON**

**LCM CORPORATION**                       **MAGISTRATE JUDGE METHVIN**
**DANNY R. HUBBARD, II**

**REPORT & RECOMMENDATION ON LCM'S**
**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**
*(Rec. Doc. 4)*

This is a diversity action for breach of contract filed by Richard C. Bentley, a Louisiana

resident, against Danny R. Hubbard, a Virginia resident, and LCM Corporation, a foreign

corporation with principal offices in Virginia.

Before the court is LCM's motion to dismiss for failure to state a claim pursuant to

Rule 12(b)(6) (Rec. Doc. 4).  Plaintiff opposes the motion (Rec. Doc. 16).

**FINDINGS AND CONCLUSIONS**

**Background**

_____Plaintiff's complaint alleges that defendants breached a written contract to provide

environmental consulting services in connection with a lawsuit plaintiff was prosecuting in the

16th Judicial District Court entitled <u>Bentley v. Fanguy</u>.[1]  There is no dispute that the contract

provides it is to be construed under the laws of Virginia.

Among other things, the complaint alleges:

17.

Defendants have breached their Agreement by purposeful and egregious
acts of bad faith by their: (1) failure to timely deliver written work product;
(2) failure to main confidentiality of Bentley's records, documents and work
product; (3) tortious breach of contract prejudicial to Bentley's lawsuit; and (4) by
Defendants' actual conduct of legal activities contrary to agreement.

Complaint at Law (Rec.1),  p.6, ¶ 17 (emphasis supplied).

The prayer for relief at the end of the complaint states:

WHEREFORE, Plaintiff prays judgment against Defendants, *in solido* ,
for tortious breach of contract, and for the restitution and return of all monies paid
by Bentley to Defendants, reliance damages, expectation damages, and that
Defendants be enjoined from further compromise and distribution of Plaintiff's
confidential and privileged information, records and documents, and that
judgment be had against defendants . . . for damages . . . and for reasonable
attorney's fees, interest and costs, and for other relief as the Court deems
appropriate.

LCM seeks dismissal of plaintiff's complaint because, "under Virginia law which

controls the contract sued upon by plaintiff, there are no causes of action for 'tortious breach of

---

[1]  In its ruling on Bentley's motion for summary judgment, the court summarized plaintiff's allegations as follows:

. . . plaintiff names as defendants LCM Corporation, an environmental consulting company, and
Danny R. Hubbard, an employee of LCM. R.1, ¶¶ 3, 4.  Plaintiff alleges that defendants are
signatories to an "Agreement to Provide Consulting Services-'Bentley v. Fanguy,'" executed and
dated March 21, 2007 ("the Agreement"), in which defendants agreed to support plaintiff's lawsuit
against Fanguy.  Id. at ¶5.  In particular, plaintiff alleges that defendants acted in bad faith with the
improper motive to "sabotage" plaintiff's lawsuit when they failed to "render an opinion . . .
prepared and delivered to Client [Bentley] in written format" and provided privileged confidential
documents to Fanguy.  Id. ¶ 9, 11.  Finally, plaintiff alleges that defendants violated the contract by
providing legal services and performing legal activities, contrary to the Agreement's terms.  Id. at
¶¶ 16, 17.  (Rec. 37).

contract,' 'restitution,' 'reliance damages,' or 'expectation damages,' and plaintiff is not entitled to injunctive relief or attorney's fees."[2]

Bentley points out in his opposition that LCM's motion to dismiss *concedes* that Bentley has adequately alleged a breach of contract claim, and therefore the motion is groundless. Bentley contends that he only "suggested" the remedies in question, among others requested, and the fact that some are not recognized in Virginia does not mean he has failed to adequately state a *claim*. Among his other claims for relief are money damages for breach of contract. Since LCM objects to the remedies sought and not that the complaint fails to state a claim, Bentley argues the motion should be denied.

## Standard of Review - Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, "[t] he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.' " In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004)). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' " Id. (quoting Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). " 'Factual allegations must be enough to raise a right to relief above the speculative level[.]' " Id. (quoting Bell Atl., 127 S.Ct. at 1965). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires

---

[2] LCM's Motion to Dismiss, Rec. Doc. 4, p.1

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do[.]." <u>Bell Atl</u>., 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted).

## **Fed. R. Civ. P. 8**

Federal Rule 8(a)(3) provides that a pleading asserting a claim for relief shall contain a

demand for judgment for the relief to which the pleader believes himself or herself entitled.

5 The Late Charles Alan Wright, Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE §1255

(2008).[3]  These commentators note:

> The sufficiency of a pleading is tested by the Rule 8(a)(2) statement of the claim
> for relief and the demand for judgment is not considered part of the claim for that
> purpose, as numerous cases have held. Thus, the selection of an improper remedy
> in the Rule 8(a)(3) demand for relief will not be fatal to a party's pleading if the
> statement of the claim indicates the pleader may be entitled to relief of some other
> type. Nor is the court limited by the demand for judgment if a deviation seems
> appropriate at any point after the interposition of the pleading. The liberal policies
> reflected in Rules 15(a) and 15(b) permit the demand to be amended either before
> or during trial. Moreover, under Rule 54(c), except in default judgment cases, the
> district court may grant any relief to which the evidence shows a party is entitled,
> even though that party has failed to request the appropriate remedy or remedies in
> his pleading.

<u>Id.</u> (footnotes omitted).  *See e.g.* <u>Dotschay for Use and Benefit of Alfonso v. National Mut. Ins.</u>

<u>Co. of District of Columbia</u>, 246 F.2d 221, 223 (5th Cir. 1957) (under the liberal rule of federal

practice, complaint is not to be dismissed because it does not set forth the proper legal theory of

---

[3] Fed. R. Civ. P. 8 provides in pertinent parts:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

the claim, but is sufficient if it shows that the plaintiff is entitled to any relief which the court can grant, *regardless of whether it asks for the proper relief*) (emphasis added).

**_Breach of Contract Claim_** -   Although LCM argues the complaint should be dismissed in its entirety, it does *not* disagree the complaint asserts a breach of contract claim.[4]

The elements of a breach of contract action are (1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation.  Sunrise Continuing Care, LLC v. Wright, ____ S. E. 2d ___  2009 WL 103320, 3 (Va. 2009).

Plaintiff alleges that he and defendants entered into an agreement whereby defendants were to provide consulting services to plaintiff; that the contract was breached when defendants failed to deliver a written opinion to plaintiff and when defendants allegedly released privileged information to third party Fanguy; and that the release of the information has prejudiced and compromised his lawsuit, *Bentley v. Fanguy*, Docket No. 69461, 16th Judicial District Court, St. Martin Parish, State of Louisiana.  The undersigned finds that Bentley has alleged the elements for a breach of contract claim, and therefore, has alleged a claim for relief.

**_Tortious Breach of Contract_** - Bentley has included among his allegations that defendants have breached their agreement by "tortious breach of contract prejudicial to Bentley's lawsuit."[5]  "Tortious breach of contract" is not a recognized cause of action under Virginia law. *See* Kamlar Corp. v. Haley, 224 Va. 699, 705, 299 S.E.2d 514, 517 (1983); A & E Supply Co.,

---

[4] Mover states in its "discussion," "It is clear from a review of the Plaintiff's Complaint that it is a breach of contract case . . . " (Rec. Doc. 4-2 at p. 4).

[5] Rec. Doc. 1, para. 17.

Inc. v. Nationwide Mut. Fire Ins. Co., 798 F.2d 669, 671 (4th Cir. 1986) (finding that it would

"skew the predictability necessary for stable contractual relations if a breaching party were

suddenly subject to the more open and anticipated duties and damages imposed by the law of

tort."). To the extent that Bentley has alleged such an action, the undersigned finds that it is

legally insupportable and should be dismissed.

### *Bentley's Demand for Judgment*

LCM seeks dismissal of Bentley's demands for the restitution and return of monies paid

to defendants, reliance damages, expectation damages, and injunction.

Under Virginia law:

> In a breach of contract case, the damages recoverable "are such as may
> fairly and reasonably be considered as arising naturally – that is, according to the
> usual course of things – from the breach of contract itself, or such as may
> reasonably be supposed to have been in the contemplation of both parties at the
> time they made the contract." Sinclair Refining Co. v. Hamilton & Dotson, 164
> Va. 203, 209 (1935). "The remedy for breach of contract is intended to put the
> injured party in the same position in which it would have been had the contract
> been performed." Marefield Meadows, Inc. v. Lorenz, 245 Va. 255, 261 (1993)
> (citing Appalachian Power Co. v. Walker, 214 Va. 524, 535 (1974)).

Johnson v. Washington, No. 2:07cv204, 2008 WL 850690, 4 (E. D. Va. 2008).

#### *Expectation Damages*

LCM contends that the term "expectation damages" is unknown in Virginia law and,

accordingly, these claims for damages should be dismissed. Expectation damages serve to

protect a promisee's expectation interest in having the benefit of his bargain by being put in as

good a position as he would have been had the contract been performed. 24 Richard A. Lord,

Williston on Contracts, § 64.2 (4th ed. 2008); *see also* Oswalt v. U.S., 2008 WL 5337452, 6 (Fed.

Cl. 2008) ("In breach of contract cases, successful plaintiffs are generally awarded expectation

damages, which are 'damages that will place the injured party in as good a position as he or she would have been in had the breaching party fully performed.'").

The jurisprudence from the Virginia Supreme Court and the United States District Court for the Eastern District of Virginia cited above does not specifically label the recognized form of contract damages under Virginia law as "expectation damages." However, it is clear that expectation damages are one and the same as contract damages under Virginia law. Expectation damages place the injured party in the same place he would have been if the contract had been performed. Likewise, Virginia contract law seeks to put the injured party in the same position in which it would have been had the contract been performed. *See* Johnson, Id., quoting Sinclair Refining Co., *supra*, and Marefield Meadows, *supra*. I therefore find that LCM's argument is without merit.

***Reliance Damages*** - As opposed to the "expectation interest," common law judicial remedies protect a promisee's reliance interest by reimbursing him for the loss caused by his reliance on the contract; eg. by placing him in as good a position he would have been in if the contract *had not been made*. Restatement (Second) of Contracts § 344 (1981, current through 2008) (emphasis added). However, as noted above, Virginia contract law does not appear to recognize reliance damages. *See* Johnson, *supra*.

Reliance damages may be awarded where fraud has been pled. *See* Murray v. Hadid , 238 Va. 722, 730, 385 S.E.2d 898, 903, 4 (Va.1989) (holding that, in an action for fraud, a plaintiff must prove damages which are caused by his detrimental reliance on a defendant's material misrepresentation and that the usual remedy in an action for fraud is to restore the defrauded party to the position he held prior to the fraud). Plaintiff has not pled a fraud claim so reliance

damages are not available in this context. Further, plaintiff has not set forth any legal or statutory authority on support a claim for reliance damages in his opposition

Because Virginia contract law does not recognize reliance damages, and plaintiff has neither pled fraud nor otherwise shown that there is any basis for the recovery of reliance damages, the undersigned finds that plaintiff is not entitled to this remedy.

### *Equitable Remedies*

Restitution and injunction are equitable remedies. *See e.g.* Makel v. Tredegar Trust Co. 2005 WL 3489768, 2 (Va. Cir. Ct. 2005).[6]

***Injunction*** - Plaintiff seeks monetary damages. He also seeks to enjoin defendants from further compromise and distribution of his confidential and privileged information, records and documents.

". . . [U]nless a party is entitled to an injunction pursuant to a statute, a party must establish the 'traditional prerequisites, i.e., irreparable harm and lack of an adequate remedy at law' before a request for injunctive relief will be sustained." Levisa Coal Co. v. Consolidation Coal Co., 276 Va. 44, 61, 662 S.E.2d 44, 53 (Va. 2008). In contrast to the remedy of preliminary injunction, a permanent injunction is considered after the a trial on the merits has been concluded. *See eg.* University of Texas v. Camenisch 451 U.S. 390, 390, 101 S.Ct. 1830, 1831 (U.S.1981).

There has been no merits determination. The undersigned finds that, based on the pleadings alone, it would be premature to consider whether plaintiff has an adequate remedy at law and that LCM's motion to dismiss plaintiff's demand for injunctive relief should be denied.

---

[6] Rec. Doc. 16 at 1.

***Restitution*** -

"An action for restitution based on unjust enrichment or for money had and received will lie where one person has obtained money from another by fraud, duress, or taking an undue advantage, when money is paid by one person in consideration of act to be done by another and act is not performed, or to recover money received on consideration that has failed in whole or in part." 66 Anne M. Payne, J.D. & Monique Leahy, J.D., American Jurisprudence § 66 (2d. Ed. 2008).

"A claim of unjust enrichment generally entails the establishment of three elements: (1) a benefit conferred upon the [defendant], (2) an appreciation or knowledge by the defendant of such benefit, and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value." 26 Williston on Contracts § 68:5 (4th ed.).

Here, as discussed above, plaintiff has pled that his claim is one for damages arising from breach of contract.[7] He re-affirms this in his opposition. The facts alleged in the complaint state a cause of action for breach of contract and not unjust enrichment. The undersigned therefore finds that plaintiff's claims for restitution damages are not supported by the allegations of the complaint.

***Attorneys Fees*** - Plaintiff seeks attorneys fees. Attorneys fees may only be granted if provided for in the contract or allowed by law. Plaintiff has not disputed that the contract does not allow for attorneys fees, and has cited no specific statutory authority for the granting attorneys fees. *See* <u>Mullins v. Richlands Nat. Bank</u>, 241 Va. 447, 449, 403 S.E.2d 334, 335

---

[7] Rec. Doc. 1, ¶ 1.

(Va.1991) (Generally, absent a specific contractual or statutory provision to the contrary, attorney's fees are not recoverable by a prevailing litigant from the losing litigant. . . . This is the "American rule" to which we consistently have adhered (citations omitted)).

Accordingly, the undersigned finds that plaintiff's claims for attorneys fees are unsupported by his allegations.

### Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that LCM's motion to dismiss be **GRANTED IN PART AND DENIED IN PART**.

It is recommended that the motion to dismiss as to plaintiff's claims for injunctive relief and "expectation damages" be **DENIED**.[8]

It is further recommended that the motion to dismiss as to plaintiff's claims for tortious breach of contract, attorneys fees, reliance damages, and for restitution be **GRANTED**, and that these claims be dismissed with prejudice.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10)**

---

[8]  As noted above, defendants concede that plaintiff has adequately stated a claim for breach of contract, and monetary damages for such breach.

days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P.

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error.  See

**Douglass v. United Services Automobile Association**, 79 F.3d 1415 (5th Cir.  1996).

Signed at Lafayette, Louisiana, on March 10, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)