UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RICHARD C. BENTLEY | CASE NO.: 08-CV-1017 |
| VS. | JUDGE MELANÇON |
| LCM CORPORATION<br>DANNY R. HUBBARD, II | MAGISTRATE JUDGE METHVIN |

*RULING ON MOTION FOR MORE DEFINITE STATEMENT*
*(Rec. Doc. 20)*

Before the court is a motion for more definite statement filed by defendant Danny Hubbard.[1] Plaintiff opposes the motion.[2]

*FINDINGS AND CONCLUSIONS*

The background of this suit was set forth in a separate report and recommendation filed this date, and is adopted by reference.

Plaintiff alleges that the jurisdictional amount exceeds $75,000. Hubbard contends that Bentley's jurisdictional and factual allegations are ambiguous.

**Fed. R. Civ. P. 12(b)(5)**

The pleading requirements of Rule 8(a) should be "view[ed] ... [with] great liberality." Estrada v. City of San Benito, Tex., 2008 WL 4704986, 1 (S. D. Tex. 2008) *citing* Nebout v. City of Hitchcock, 71 F. Supp.2d 702, 706 (S. D. Tex.1999) (*citing* Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir.1959)). "Because of this view, a motion for more definite statement is generally disfavored and most often is used to "remedy only ... an unintelligible pleading rather

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 28.

than a correction for lack of detail.'" Id. (citations omitted). A party may not use a Rule 12(e) motion as a substitute for discovery. *See* Mitchell, Id. at 132.

**Do Plaintiff's Allegations Meet the Standards of Rules 8(a) and 12(e)?**

Bentley seeks the identification/clarification of:

1. What written work product was not provided; who had the responsibility to provide the document(s); who he expects damages from for the failure to provide the document(s) and in what amount.

2. How plaintiff was prejudiced and compromised by the alleged release of privileged information; identification of the party he expects damages from, and in what amount.

3. What legal advice was offered and the amount of damages plaintiff is seeking for this alleged violation.

Hubbard seeks precisely the relief that Rule 12(e) does not provide. His requests merely seek more detail and information that should be addressed during discovery. The undersigned finds that requested information is not needed in order for Hubbard to frame a response under Rule 12(e). *See* Mitchell, Id. at 133.

**Jurisdictional Amount**

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d 1250, 1253 (5th Cir.1998). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir.), *cert. denied*, 516 U.S. 865, 116 S.Ct. 180, 133 L.Ed.2d 119 (1995). To justify dismissal in a case in which the plaintiff claims a determinate amount, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul Mercury, 303

U.S. at 289, 58 S.Ct. at 590. However, bare allegations of jurisdictional facts are insufficient to establish federal court jurisdiction. St. Paul Reinsurance, *supra,* 134 F.3d at 1253, *citing*, Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir.1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685, 126 L.Ed.2d 653 (1994).[3]

The legal certainty test is inapplicable where the plaintiff does not allege a determinate amount of damages. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253. Instead, the burden then becomes a preponderance of the evidence for the party seeking to invoke the court's jurisdiction. Id. The party seeking to invoke jurisdiction must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000 by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000 or (2) setting forth the specific facts in controversy that support a finding of the jurisdictional amount. Id.

In the case at bar, plaintiff has not sought a determinate amount of damages. The undersigned further concludes that the jurisdictional amount is not otherwise "facially apparent" from the complaint. Simon, 193 F.3d at 850. The facts alleged are insufficient for the court to determine whether the amount in controversy exceeds the jurisdictional requirement.

Considering the foregoing,

---

[3] Asociacion was a removed case in which the petition stated in a conclusory fashion that the matter in controversy met the jurisdictional amount. The Fifth Circuit has held that case law in removed cases regarding § 1332's jurisdictional amount requirement is "instructive" in analyzing similar issues in diversity cases filed directly in federal court. St. Paul Reinsurance Co., Ltd. v. Greenburg, 134 F.3d at 1253 (5th Cir.1998).

**IT IS HEREBY ORDERED** that Hubbard's motion for more definite statement is **GRANTED IN PART AND DENIED IN PART.** Plaintiff will not be required to amend his complaint to clarify his allegations. However,

**IT IS ORDERED that on or before March 20, 2009,** plaintiff shall file a memorandum setting forth specific facts in controversy which support a finding that the jurisdictional amount exists. These facts should be presented in summary-judgment-type evidence.

Defendants will be allowed ten days to reply to plaintiff's arguments.

Signed at Lafayette, Louisiana, on March 10, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)