**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **RICHARD C. BENTLEY** | **CIVIL ACTION NO. 08-1017** |
| **VERSUS** | **JUDGE DOHERTY** |
| **LCM CORPORATION,**<br>**DANNY R. HUBBARD, II** | **MAGISTRATE JUDGE METHVIN** |

*JURISDICTIONAL AMOUNT REVIEW*

The parties were ordered to submit briefs and evidence relevant to a determination of the amount in controversy.[1] The parties have done so, and for the reasons given below, the court finds the amount in controversy exceeds seventy-five thousand ($75,000) dollars.

In his Complaint, Bentley alleges defendants were signatories to a contract whereby defendants promised to provide consulting services. The services contracted to be performed were in support of an action by Bentley against one of his neighbors, Bobby Fanguy, for allegedly discharging sewage effluent into a ditch abutting plaintiff's property.

Plaintiff alleges defendants breached the contract by failing to timely deliver their written work product by April 9, 2007, as promised. Bentley also alleges defendants, in a bad faith effort to sabotage his lawsuit against Fanguy, released privileged information to Fanguy without Bentley's prior written consent. Bentley alleges this was "an express effort to undermine Bentley's lawsuit" and "release of such privileged information has now prejudiced and compromised Bentley's lawsuit, *Bentley v. Fanguy*, 16th Judicial District Court, Division 'G', Parish of St. Martin, State of Louisiana, Docket No. 69461."[2] In addition to releasing privileged

---

[1]*Ruling* (rec. doc. 49).

[2]*Complaint* (rec. doc. 1), ¶¶ 12 and 13.

information, Bentley alleges defendant Hubbard "voluntarily participated as a witness in a telephonic trial deposition for Fanguy.. . . .The prejudicial effect of Defendant's actions is certain, but indeterminate."[3]

In addition to alleging breach of contract, plaintiff alleges defendant LCM's hiring of defendant Hubbard was negligent, and caused plaintiff damages.

Plaintiff submitted a memorandum in support of the jurisdictional amount, wherein he itemizes several categories of damages, including one for "Judgment against Richard C. Bentley due to Defendants' breach of contract (bad faith)" in the amount of $159, 488.57.[4]

In opposition to the jurisdictional amount and plaintiff's memorandum in support thereof, defendant LCM argues plaintiff's memorandum was not in proper form, and Bentley includes itemized damages for claims he either did not make in his Complaint, or were dismissed by the court in its Ruling on LCM's motion to dismiss.[5]

Attached to defendant LCM's memorandum is the *Final Judgment on Damages* issued against Bentley in the underlying litigation in the amounts as follows:

1) $5,000.00 for damage to the Russian Olive hedge;

2) $17,466.76 for costs incurred;

3) $137,041.75 for attorney fees.[6]

---

[3]*Ibid.,* ¶ 15.

[4]*Memorandum in Support of Jurisdictional Amount Pursuant to Order of the Court Dated March 10, 2009 (Doc. 49)* (rec. doc. 50).

[5]See *Reply and Opposition of LCM Corporation to Jurisdictional Memorandum of Plaintiff Richard C. Bentley* (rec. doc. 54), referencing *Report and Recommendation on LCM's Motion to Dismiss for Failure to State a Claim* (rec. doc. 4), and *Judgment* adopting same (rec. doc. 53).

[6]See *Final Judgment on Damages* (rec. doc. 54-4).

LCM argues these awards against Bentley and in favor of Fanguy are due to Bentley's own contumacious behavior in the litigation, and not due to its breach of contract. Therefore, LCM argues, the amount in controversy does not include this award, and is well below the jurisdictional minimum.

The court does not agree. Plaintiff alleges defendants breached their contract to support him in the underlying litigation by failing to deliver a written report, by releasing privileged information to his opponent, Fanguy, and by testifying favorably for Fanguy. As a result, plaintiff alleges he suffered damages by losing his lawsuit against Fanguy, and the submitted evidence shows the loss of that lawsuit caused plaintiff damages well in excess of the jurisdictional minimum of $75,000.

Whether plaintiff can ultimately prevail on his allegations remains to be determined, and he may eventually be judged, as defendants assert, to be the sole cause of his losses. However, the amount in controversy well exceeds the jurisdictional minimum required for subject matter jurisdiction under 28 U.S.C. §1332.

Considering the foregoing, the requisite jurisdictional amount has been established.

Signed at Lafayette, Louisiana, on July 8, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)