# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **RICHARD C. BENTLEY** | **CIVIL ACTION NO. 08-1017** |
| **VERSUS** | **JUDGE DOHERTY** |
| **LCM CORPORATION** <br> **DANNY R. HUBBARD, II** | **MAGISTRATE JUDGE METHVIN** |

*REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT AND*
*DANNY R. HUBBARD, II'S MOTION TO SET ASIDE DEFAULT JUDGMENT*
**(Rec. Docs. 59 and 61)**

Before the court is plaintiff's motion for default judgment against defendant Danny R. Hubbard, II, and defendant Hubbard's motion to set aside the default judgment. The motions are opposed.

## *Background and Argument of Parties*

This lawsuit was filed on July 15, 2008, alleging, *inter alia*, breach of contract claims against defendants LCM Corporation and its former employee, Danny R. Hubbard, II. On August 19, 2008, LCM filed a motion to dismiss on its behalf, and on September 29, 2008, Hubbard was given an extension of time to file a response until October 16, 2008.[1] On October 16, 2008, Hubbard filed a motion for more definite statement, which was denied on March 10, 2009.[2] In the Ruling denying the motion for more definite statement, the court ordered the parties to submit briefing on the amount in controversy for a jurisdictional determination. The briefing on the jurisdictional issue was due March 31. Plaintiff and defendant LCM responded, but Hubbard did not respond.[3]

---

[1] Rec. Doc. 19.

[2] Rec. Docs. 20 and 49.

[3] Rec. Docs. 50, 54 and 56. The court has since issued a ruling finding the jurisdictional amount met.

Hubbard is proceeding pro se in this matter, and is not eligible for electronic filing or email notification of filings. Hubbard has requested that the other parties to the litigation email him copies of the documents they file, but it is unclear if the request has been honored.[4]

On April 9, 2009, plaintiff filed a motion for entry of default against Hubbard.[5] On April 13, 2009, the clerk of court entered its own entry of default, and plaintiff's motion for default against Hubbard was terminated.[6] The notice of the clerk's entry of default was sent by regular mail to Hubbard, in Bedford, Virginia.

On April 23, 2009, ten days after the clerk's entry of default, plaintiff filed the pending motion for default judgment. The next day, on April 24, 2009, Hubbard filed the pending motion to set aside the clerk's entry of default, with an attached proposed motion to dismiss and a proposed answer to the lawsuit, and on April 28, 2009, Hubbard filed a response to plaintiff's motion for default.[7]

Defendant Hubbard's argument in opposition to the motion for default, distilled, is that he is proceeding *pro se*, and besides not understanding that he should have filed an answer promptly after the ruling denying his motion for more definite statement, he is handicapped by his inability to receive notices electronically. Plaintiff in response argues "[D]efendant's mistaken 'belief' and improvidence ought not to be visited upon Plaintiff," and prays for default judgment against

---

[4] Rec. Doc. 55.

[5] Rec. Doc. 57.

[6] Rec. Doc. 58.

[7] Rec. Docs. 61 and 63.

Hubbard "in the amount of $510,196.10, such being the amount of damages claimed by Plaintiff, to include $250,000.00 in punitive damages."[8]

*Applicable Law and Analysis*

When a party fails to plead or otherwise respond to a Complaint within the required time period, a Rule 55 motion for entry of default may be filed. New York Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir.1996). Upon motion showing that the party did not respond to the Complaint, the Clerk must enter the party's default. Fed. R. Civ. P. 55(a).

Once a default is entered, the plaintiff must move for a judgment of default. However, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis v. Lynn, 236 F.3d 766 (5th Cir. 2001), citing Sun Bank of Ocala v. Pelican Homestead & Savings. Ass'n, 874 F.2d 274, 276 (5th Cir.1989). "As the District of Columbia Circuit has stated, they are 'available only when the adversary process has been halted because of an essentially unresponsive party.'" Sun Bank of Ocala v. Pelican Homestead & Savings. Ass'n, 874 F.2d 274, 276 (5th Cir.1989) citing H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe, 432 F.2d 689, 691 (D.C.Cir.1970).

Hubbard is proceeding *pro se*, and does not have access to electronic filing or electronic noticing. Thus, his rate of awareness and responsiveness is diminished relative to other parties in the litigation. Hubbard has not been unresponsive in the litigation – he filed a motion for extension of time to plead, and a motion for definite statement. He responded to the clerk's entry of default,

---

[8]*Motion for Default Judgment* (rec. doc. 59).

entered on April 13, 2009, on April 24, 2009, which was relatively prompt, considering the notice and filing had to travel both ways by U.S. Mail. Attached to his motion to set aside the clerk's entry of default is a proposed motion to dismiss and a proposed answer.

The undersigned concludes Hubbard has been responsive to the best of his understanding of how to do so, and his responses have been as timely as possible. Therefore, this is not a case where the drastic remedy of entry of a default judgment would be appropriate.

*Conclusions and Recommendation*

For all these reasons,

**IT IS THE RECOMMENDATION** of the undersigned that plaintiff's Motion for Default Judgment (rec. doc. 59) be **DENIED**, and Defendant Danny R. Hubbard, II's Motion to Set Aside Default Judgment (rec. doc. 61) be **GRANTED**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error.  See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir.  1996).

Signed at Lafayette, Louisiana, on July 8, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)