**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **RICHARD BENTLEY** | **CIVIL ACTION NO. 6:08-cv-1017** |
| VS. | **JUDGE DOHERTY** |
| **L.C.M. CORPORATION** <br> **DANNY R. HUBBARD** | **MAGISTRATE JUDGE METHVIN** |

**RULING ON MOTION TO QUASH
AND ORDER SETTING HEARING**
(Rec. Docs. 77, 78, 79)

Before the court is a motion to quash a subpoena and for a protective order (Rec. Doc. 77), and a motion for expedited consideration (Rec. Doc. 78). For the following reasons, the Motion to Quash will be granted at this time. The motion for protective order will be set for hearing, along with a *sua sponte* sanction hearing under Rule 11.

### *Subpoena at Issue*

The motions before the court were filed by attorney Gary McGoffin, who is neither a party nor counsel of record in this case. He was served with a subpoena ordering production of "any and all documents, records, e-mails, recorded conversation, cancelled checks, exchanged & shared between you and Danny R. Hubbard II as pertained to Bentley v. Fanguy." The subpoena purportedly was signed by attorney Ed Bankston, counsel for Richard Bentley in this federal suit. Mover received the subpoena by certified mail on or about July 10, 2009, and contends that it is defective in a number of respects.[1] Mover also asserts that the subpoena was issued for the purpose of harassment. An examination of the history of this matter raises serious questions

---

[1] Mover points out that the subpoena does not identify the court from which it purportedly issued, although it does contain the above Civil Action Number. Mover further points out that the subpoena was not accompanied by the text of Fed. R. Civ. P. 45(c), (d), and (e), as required, and that there is no indication that notice was served on the defendants in this matter. (Rec. Doc. 77, pp 1-2)

regarding the possibility that, in fact, Richard Bentley and/or his attorney, Ed Bankston, are using the processes of this court for improper purposes.

### *Bentley's Lawsuits - State and Federal*

The plaintiff in this federal suit, Richard Bentley, is a neighbor of Robert Fanguy. For reasons which are not entirely clear, Bentley has filed a number of lawsuits, complaints, administrative actions, and other matters against Fanguy. In a lawsuit filed in the 16th Judicial District Court, State of Louisiana,[2] Bentley claimed that Fanguy was polluting a common ditch or drainage way between them. Bentley hired Danny R. Hubbard, II as an environmental expert in the state suit. At some point, Hubbard removed himself from the lawsuit, and Bentley then sued Hubbard and his employer in this court, based on diversity, alleging that Hubbard violated his contract by failing to provide the services contemplated, and also by releasing privileged information to Fanguy and his attorney, Mover McGoffin.

In the motion before this court, Mover claims that the defective subpoena was served for the purpose of harassment. Unfortunately, a review of the state court action provides serious grounds for concern. The record shows that after a trial and several other hearings in the 16th JDC, Judge Charles Porter ordered sanctions against Bentley, and also entered judgment against him. The rulings can be summarized as follows:

1. On November 20, 2007, Judge Porter granted a sanction motion in favor of Fanguy and against Bentley, "based upon the Court's determination that the purpose of the *second* First Supplemental and Amended Petition filed by Richard Bentley was to harass and annoy. Richard Bentley is ordered to pay to Bobby Fanguy the sum of $4,883.03 for attorney fees together with all Clerk of Court costs associated with that motion." (*See* Rec. Doc. 77-3. Exhibit "D").

---

[2] Richard Bentley vs. Robert "Bobby" Fanguy, Docket 69461, Division "G," pending before Judge Charles Porter.

2      On May 14, 15, and 16, 2008, Judge Porter tried the case. Bentley was represented by Ed Bankston, who also represents Bentley in this matter. Fanguy was represented by Gary McGoffin. In a ruling dated July 17, 2008, the court granted a partial judgment on the merits, resolving cross-motions for injunctions. Judge Porter ruled in favor of Fanguy and against Bentley, and also imposed sanctions on Bentley for ***contempt of court***, as follows:

> It is ORDERED that the claim for a permanent injunction filed by Richard Bentley is denied.
>
> It is FURTHER ORDERED that Bobby Fanguy's reconventional demand for permanent injunctive relief is granted prohibiting the followin conduct by Richard Bentley which constitutes a nuisance under the La. Civil Code and the Country Estates Restrictive Covenants. Specifically, Richard Bentley is prohibited from:
>
> a) Entering Fanguy's property;
>
> b) Obstructing the flow of the drainage ditch or culvert in any way.
>
> c) Directing surveillance cameras at the Fanguy home;
>
> d) Failing to maintain the grass in the ditch below twelve inches in height;
>
> e) interfering with the peace and full enjoyment of the Fanguy's home by the Fanguys, their guests, prospective purchasers and future owners of the Fanguy home;
>
> f) Filing any state court lawsuit against Bobby Fanguy, his family, his agents, employees, attorneys or other consultants in any venue or docket number other than Division G of the 16th JDC;
>
> g) Pruning, cultivating, cutting or in any way damaging the Russian Olive hedge belonging to Bobby Fanguy
>
> IT IS FURTHER ORDERED that Richard Bentley be held in contempt of this Court for violating the August 23, 2007 preliminary injunction " . . . prohibiting Richard Bentley from filing additional legal proceedings against Bobby or Karia Fanguy, or their agents or employees, outside of this lawsuit. . .

(*See* Rec. Doc. 77-3, Exhibit "E")

Judge Porter also indicated that sanctions under LSA-C.C.P. Art. 863 [3] (similar to Fed. R. Civ. P. 11) were appropriate in connection with the conduct of Mr. Bentley and his attorney, Ed Bankston, and that these would be determined at a later hearing.

3. On September 8, 2008, Judge Porter held the evidentiary hearing to determine damages.

4. On October 10, 2008, in open court, Judge Porter issued a ruling in favor of Fanguy, granting sanctions under Art. 863 against Bentley in the amount of $17,446.76, as attorney's fees. (*See* Rec. Doc. 77-3, Exhibit "F")

The court stated, in pertinent part:

> The Court is of the opinion that Richard Bentley at the inception of this controversy and at the inception of the litigation, beginning in June of 2005, **has used the judicial system to harass, annoy, and unnecessarily prosecute a claim of nuisance against Bobby Fanguy.** * * *

---

[3] LSA-C.C.P. Art. 863 provides as follows:

**Art. 863. Signing of pleadings, effect**

A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.

B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.

D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.

E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.

F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.

> In this Court's experience, ***Mr. Bentley took extraordinary and outrageous methods and tactics to try to badger, annoy, harass and overwhelm his opponents at every turn***. His actions did not appear to the Court to seek the truth or to seek evidence that woud help the Court to understand and reasonably decide the case. The Court believes that these sanctions are the least restrictive that the Court would and could make under these circumstances. Further, the Court will issue a judgment for $5,000.00 for damage to the shrubbery owned by the Fanguy's which were destroyed or damaged aby the actions of Richard Bentley. The court will cast Mr. Bentley for all costs of these proceedings.
>
> Article 803 requires an attorney or litigant who signs a pleading to make an objectively reasonable inquiry into the facts and the law. The rule is addressed to take care of two separate problems:
>
> 1. The problems of frivolous filings.
> 2. The problem of misusing judicial procedures as a weapon for personal or economic harassment.
>
> Where a Court finds that the conduct of a signing party is improper or unreasonable under Article 863, the court is required to fashion an appropriate Sanction . . .

Rec. Doc. 77-3, Exhibit "E." Apparently, the court's judgment is on appeal to the Louisiana Third Circuit Court of Appeals.

Bentley has instituted a number of other lawsuits and claims which have been dismissed, some of which are summarized in the list of Exhibits attached to the motion (Rec. Doc. 77), as follows:

> **Exhibit D** - Judge Porter's November 20, 2007 Judgment on Sanctions, Docket No. 69461, 16th JDC, St. Martin Parish, Louisiana
>
> **Exhibit E** - Judge Porter's August 29, 2008 Partial Judgment on the Merits, Docket No. 69461, 16th JDC, St. Martin Parish, Louisiana
>
> **Exhibit F** – in globo Judge Porter's Original and First Amended Reasons for Judgment on Sanctions, dated October 10, 2008 and February 3, 2009, respectively, Docket No. 69461, 16th JDC, St. Martin Parish, Louisiana

**Exhibit G** – in globo Judge Trahan's Stay Order, in Bentley v McGoffin, Docket No. 2007-6341 "A," 15th JDC, Lafayette Parish

**Exhibit H** - Judge deMahy's Judgment Dismissing Bentley's Injunction Petition, Docket No. 69811, 16th JDC, St. Martin Parish GW #187722

**Exhibit I** - Judge Haik's Judgment Dismissing Bentley's Federal Suit, Docket No. 6:08-cv-0600, U.S.D.C., Western District, Lafayette Division

**Exhibit J** - Supreme Court's February 19, 2008 Order returning Writ Application and referring a copy to the ODC and April 4, 2008 Order Dismissing Bentley's Writ Application, pursuant to Supreme Court Rule VII, § 7, Docket No. 08-CC-0009

*Findings and Conclusions*

Considering the history of this matter, the allegations of harassment now pending before this court, and the troubling conclusions of Judge Porter following a full trial on the merits of the underlying litigation, as well as conclusions of other courts which have considered Bentley's claims,

**IT IS ORDERED** that the Motion to Quash is hereby **GRANTED** at this time. If, after a hearing, it is determined that the subpoena was properly issued, the court will set a date for production and response.

**IT IS FURTHER ORDERED** that a hearing on the motion to quash and for protective order will be conducted on **August 19, 2009, at 10:00 a.m.** before the undersigned magistrate judge, in Courtroom 7, Third Floor, U. S. Courthouse, 800 Lafayette St., Lafayette, Louisiana.

**IT IS FURTHER ORDERED** that a formal response to the motions shall be filed by the appropriate deadline.

**IT IS FURTHER ORDERED** that both Richard Bentley and his attorney Ed Bankston shall personally appear at the hearing, and shall be prepared to address both the procedural and

substantive allegations set forth in the motion, including, but not limited to the allegations that the subpoena in question is "unduly burdensome and interposed for an improper purpose."[4] Respondents shall also be prepared to argue why a protective order should not be issued, preventing any further discovery directed at Mover, Fanguy, and his family, agents, employees, attorneys or other consultants.

**IT IS FURTHER ORDERED** that the parties be prepared to argue the applicability of Fed. R. Civ. P. Rule 11[5] to the issues at hand, and the factual issue of who actually signed the subpoena.

---

[4] Rec Doc. 77-1, p. 2, ¶ 7.

[5] Rule 11 provides in subsection (c)(3), that the court may, on its own, "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b). Rule 11 provides, in part:

**Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions**

(a) **Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

   (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

   (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

   (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information. * * *

8

**IT IS FURTHER ORDERED** that the Clerk of Court shall arrange for a court reporter for the hearing.

Signed at Lafayette, Louisiana, on July 21, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)