UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| RICHARD C. BENTLEY | CIVIL ACTION NO. 08-cv-1017 |
| VERSUS | JUDGE DOHERTY |
| LCM CORPORATION and DANNY R. HUBBARD, II | MAGISTRATE JUDGE HANNA |

## CLARIFICATION OF REPORT AND RECOMMENDATION

The undersigned issued a report and recommendation (Rec. Doc. 123) concerning (a) defendant Danny R. Hubbard's Rule 12(b) motion to dismiss (Rec. Doc. 87); (b) plaintiff Richard C. Bentley's motion for reconsideration of the court's prior ruling on a motion to quash subpoena, for protective order, and *sua sponte* Rule 11 hearing (Rec. Doc. 100); and (c) plaintiff's motion for discovery (Rec. Doc. 113). Plaintiff Richard C. Bentley filed an objection to the report and recommendation. (Rec. Doc. 124). The matter was remanded to the undersigned for clarification of the report and recommendation in light of the objection filed. (Rec. Doc. 125). The report and recommendation is clarified as follows.

### A.   The Sanction in Favor of Mr. McGoffin

Bentley objected to the report and recommendation on the basis that the recommended sanction of $1,500 to Gary McGoffin is inappropriate. Bentley argues that no sanction is appropriate. The undersigned notes Bentley was previously sanctioned and/or assessed attorney's fees/costs by Judge Porter of the 16th Judicial District Court for the Parish of St. Mary, Louisiana, Judge Richard T. Haik and another magistrate judge of this court all in connection with the

underlying or related claims that allegedly support this cause of action. Likewise, the undersigned finds on reconsideration, just as the prior magistrate judge found on original hearing, that Bentley's conduct with regard to McGoffin did constitute harassment and the motion to quash was well founded. Consistent with the pervasive attitude of this particular litigant, even though the subpoena should have been withdrawn without the necessity of a motion to quash or for protective order having been filed by Mr. McGoffin, it was not, and as a result there had to be multiple voluminous briefings and hearings that otherwise should not have been necessary. Under Rule 45 (c) a party or attorney "issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court **must** enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party who fails to comply." Given the circumstances before and after the issuance of the subpoena by Bentley and his attorney, Mr. Bankston, an award of attorney's fees under Rule 45 was appropriate.

**B.    The Stay of This Matter**

Bentley next objects to the report and recommendation on the basis that this action should not be stayed and administratively terminated pending the resolution of the ongoing related state court action. However, in the prayer for relief set forth in his complaint, Bentley seeks to recover "all monies paid by Bentley to defendants." Thus, he is seeking to recover the amount of the judgment in the underlying lawsuit that is pending in Louisiana state court. That judgment, however, is not final because it is currently on appeal. It would, therefore, be prudent to stay this action until the underlying state court matter is finally resolved and the amount of the judgment against Bentley in the state court action is fixed with finality.

Black's Law Dictionary defines the term abstention to mean a "federal court's relinquishment of jurisdiction when necessary to avoid needless conflict with a state's administration of its own

affairs,"[1] and defines the term stay to mean "the postponement or halting of a proceeding."[2] It would thus appear that abstention occurs only when a federal court permanently relinquishes jurisdiction over a pending matter. But the United States Supreme Court has described abstention as encompassing both a court's declining to exercise its jurisdiction and a court's postponing the exercise of jurisdiction.[3]

The undersigned has not recommended that this court should permanently relinquish jurisdiction over this matter by abstention and has no intention of doing so at this juncture. The undersigned does believe, however, that no further proceedings should be conducted in this court until the related state court proceedings are completed and a final judgment has been issued by a Louisiana court fixing the amount of damages, if any, to be paid by Bentley to the prevailing parties in the state court proceeding. At that time, this court could resume adjudication of the issues presented in this litigation, assuming subject matter jurisdiction existed, which remains contested by the defendants herein. (See Rec. Doc. 87) Thus, a stay of proceedings in this court would seem to be a practical and appropriate measure.

The United States Supreme Court has recognized that there are circumstances in which it is appropriate for a federal court to "stay its hand" and to defer ruling on or postpone consideration of the merits of a case in order to permit an ongoing state court matter to be concluded.[4] It is also well-settled that a federal court has the inherent power to stay proceedings "to control the disposition of

---

[1] *Black's Law Dictionary* 9 (9th ed. 2009).

[2] *Black's Law Dictionary* 1548 (9th ed. 2009).

[3] *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-189 (1959).

[4] *Growe v. Emison*, 507 U.S. 25, 31 (1993).

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[5] The Fifth Circuit has specifically recognized this inherent power even when other standards for abstention are not strictly met.[6] How and when a court goes about deciding whether to stay a pending action "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."[7] A court's authority to stay a case, although largely unreviewable, must not be abused.[8] For that reason, a court should tailor a stay so as not to prejudice other litigants unduly.[9]

In a case such as this one, in which the plaintiff seeks monetary damages, the United States Supreme Court has permitted federal courts to apply abstention principles in deciding whether to enter a stay.[10] The Fifth Circuit has instructed that, when a suit involves a request for monetary relief, the district court's discretion to stay the suit is narrowly circumscribed by its obligation to hear cases falling within its jurisdiction, and "the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)."[11] To reiterate, a district court's discretion to

---

[5] *Intel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983), quoting *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

[6] See, e.g., *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679-82 (5th Cir. 1973).

[7] *Landis v. North American*, 299 U.S. at 254-255.

[8] *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co., Inc.*, 761 F.2d 198, 204 (5th Cir. 1985).

[9] *Coastal v. E.W. Saybolt*, 761 F.2d at 204.

[10] See, e.g., *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996).

[11] *American Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005).

stay a case based only on concerns of wise judicial administration, when money damages are sought to be recovered, is governed by the *Colorado River* standard.[12]

The *Colorado River* abstention doctrine rests on principles of federalism, comity, and conservation of judicial resources.[13] In accordance with *Colorado River*, a district court may stay a matter if the state court proceeding and the federal court proceeding are parallel and an evaluation of the exceptional circumstances set forth in *Colorado River* weigh in favor of the federal court's deferral.

Parallel proceedings are those involving the same parties and the same issues,[14] but a precise identity of parties and issues is not always required.[15] Indeed, there are times when "there need not be applied in every instance a mincing insistence on precise identity."[16] This is one of those times. Here, the parties in the two suits are not precisely identical and the issues presented are not precisely identical. But a central issue to be decided in the state court action is the amount of the sanction imposed against Mr. Bentley as well as the amount of damages he may owe to the defendant he sued in the underlying litigation, Bobby Fanguy. Putting aside the question of whether a sanction under La.C.C.P. Art. 863 for using the "judicial system to harass, annoy and unnecessarily prosecute a

---

[12] *American Guarantee v. Anco*, 408 F.3d at 251.

[13] *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000).

[14] *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed. App'x 9, 12 (5th Cir. 2007); *American Guarantee v. Anco*, 408 F.3d at 251; *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973).

[15] See, e.g., *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 n. 7 (5th Cir. 2006).

[16] *RepublicBank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987). See, also, *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 Fed. App'x. 267, 270 (5th Cir. 2009).

claim," or whether monetary sanctions imposed as a penalty for contempt of court can even be considered as a consequential damage in this instant matter classified as a breach of contract claim, the amount of "damages," including sanctions, fixed in the appeal of the state court action is a specific element of damages in the action pending in this court.[17] The amount of damages to be awarded in the state court action is a question central to a fair adjudication of the federal court action. Therefore, that issue should be decided, with finality, before the federal court action proceeds. Consequently, the federal court proceeding should be delayed until a final judgment fixing damages in the related state law litigation has been rendered. There is sufficient albeit not precise identity of parties and issues to permit analysis of the propriety of a stay under the *Colorado River* abstention principles.

Under *Colorado River*, six factors must be considered by the court in determining whether exceptional circumstances exist that would permit a district court to stay the proceeding before it in deference to a related state court action. The factors are: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[18] No one factor

---

[17] See Reasons for Judgment by the Honorable Charles Porter in *Bentley v. Fanguy*, Docket # 69461, 16th Judicial District Court, Parish of Iberia, (Rec. Doc. 77-2 page 3-6)

[18] *Colorado River v. U.S.*, 424 U.S. at 818. See, also, e.g., *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006); *Black Sea v. United Heritage*, 204 F.3d at 650.

is determinative.[19] The factors are not to be applied mechanically; instead, they are to be carefully balanced.[20]

In this case, two of the six factors weigh heavily in favor of a stay of the federal court proceeding while two factors weigh only nominally weigh against a stay and two of the factors are neutral.

With regard to the first factor, neither the state court nor the federal court has assumed jurisdiction over a res. In accordance with Fifth Circuit jurisprudence, this absence of jurisdiction over a res cannot be viewed as neutral; instead, this factor must be interpreted as supporting the exercise of federal court jurisdiction.[21] However, under the facts and circumstances of this particular case, there is no basis for assigning much weight to this factor.

Similarly, the second factor must, in accordance with the relevant jurisprudence, be interpreted as supporting the exercise of federal jurisdiction. The state court forum and the federal court forum would seemingly be equally convenient to the parties because of geographical considerations. Thus, this factor would weigh against staying the federal court proceeding[22] but again, under the facts and circumstances of this particular case, it does not carry a great deal of weight. Indeed, a very good case could be made that it should not support the exercise of federal jurisdiction as one of the issues in the state court litigation, the imposition of sanctions and contempt

---

[19] *Nationstar Mortg. LLC v. Knox*, 351 Fed.Appx. 844, 851 (5th Cir. 2009).

[20] *Brown v. Pac. Life*, 462 F.3d at 395 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983).

[21] *Stewart v. Western Heritage*, 438 F.3d at 492; *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999); *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988).

[22] *Stewart v. Western Heritage*, 438 F.3d at 492; *Murphy v. Uncle Ben's,* 168 F.3d at 738.

penalties by a state district court against Mr. Bentley for his personal misconduct, is not something that could even be litigated in a federal forum absent the allegation herein that the sanctions amount to a consequential damage for breach of contract. Since that matter can be (and is being) already litigated in the state court proceeding, it is not convenient to also come to federal court over the same issue.

The third factor is the avoidance of piecemeal litigation. The proper inquiry with regard to this factor is not whether duplicative litigation will occur but whether there is a danger of inconsistent rulings.[23] In this case, that danger is clear and present. The state court will be determining the amount of damages to be awarded, and Bentley has made the amount of damages awarded in that proceeding an element of the damages sought to be recovered in the federal court proceeding. If the state court is not permitted to proceed to final judgment with regard to damages, then it will be necessary to litigate the speculative nature of the underlying damages in this forum, including the sanctions assessed against Mr. Bentley, and an inconsistent ruling could easily be reached. For example, if Mr. Bentley successfully appeals the decision against him and the state court of appeal renders a judgment in which he is found to owe nothing to Mr. Fanguy, yet this court proceeded to trial as scheduled on November 1, 2010 in advance of that ruling, and the jury found there was a breach of contract and awarded the full amount of the underlying state district court judgment as damages, Mr. Bentley would have received a windfall for damages he did not actually incur.[24] Consequently, this factor weighs heavily in favor of staying the federal court proceeding.

---

[23] *Stewart v. Western Heritage*, 438 F.3d at 492; *Black Sea v. United Heritage*, 204 F.3d at 650-51.

[24] The Third Circuit Court of Appeal advised the matter may be considered by it, at the earliest, in September or October of 2010, which means the decision would still likely not be final unless further review was not undertaken at the State Supreme Court.

The fourth factor to be analyzed is the order in which jurisdiction was obtained by the two courts. With regard to this factor, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[25] Here, both aspects of this inquiry weigh heavily in favor of staying the federal court action. The state court action (one of several proceedings instituted by Mr. Bentley) was filed long before this suit was,[26] and the state court action has been tried and is now on appeal.[27] Thus, the state court action was filed approximately three years before this one was, and it has progressed far beyond this one. This factor weighs heavily in favor of staying the federal court proceeding in deference to the state court proceeding.

The fifth factor considers whether federal law will be applied. This case involves only questions of state law. Still, "[t]he absence of a federal-law issue does not counsel in favor of abstention."[28] This factor is neutral.[29]

The final factor is whether the state court can adequately protect the rights of the party invoking federal jurisdiction. This factor "can only be a neutral factor or one that weighs against, not for, abstention."[30] The same law will be applied in the state court proceeding and in the federal

---

[25] *Moses H. Cone v. Mercury*, 460 U.S. at 21.

[26] The state court action was filed on or about June 23, 2005 (Rec. Doc. 54-1 at 5), while this action was filed on July 15, 2008.

[27] The state court matter was tried on the merits on May 14-16, 2008. (Rec. Docs. 54-2 at 2).

[28] *Evanston v. Jimco*, 844 F.2d at 1193.

[29] *Stewart v. Western Heritage*, 438 F.3d at 493; *Black Sea v. United Heritage*, 204 F.3d at 651.

[30] *Evanston v. Jimco*, 844 F.2d at 1193.

---


court proceeding and Bentley will have adequate protection in state court. Therefore, this factor is neutral.[31]

In summary, two factors weigh against a stay, but carry little weight; two factors are neutral; and two factors weigh heavily in favor of staying the federal court action until the state court judgment is final. Therefore, taking all of this into account and carefully weighing the factors, this federal court action should be stayed until the state court judgment is final. Therefore, the prudent course of action is to stay this matter until the state court lawsuit is completed.

### C. Jurisdiction

Finally, the undersigned has not ruled on jurisdiction. To the contrary, the report and recommendation (Rec. Doc. 123) quite specifically maintains in place this court's prior ruling on jurisdiction. Since one of the motions to dismiss challenges subject matter jurisdiction (Rec. Doc. 87) which was denied as moot in light of the stay, and since it is argued that Mr. Bentley did not provide in a timely manner adequate summary judgment type evidence to support subject matter jurisdiction and/or included unspecified amounts for issues which have nothing to do with this lawsuit (Rec. Doc. 54), the report and recommendation does state that the jurisdictional issue can be revisited should the parties decide to reopen this case following the stay imposed in the report and

---

[31] See, e.g., *Scottsdale Ins. Co. v. A3M Co., Inc.*, 2008 WL 754693, 4 (E.D. La. 2008); *Stewart v. Western Heritage*, 438 F.3d at 493.

recommendation. Further, should the recommendation not be adopted, subject matter jurisdiction should be revisited in the context of the formerly pending motion. (Rec. Doc. 87)

.

Signed at Lafayette, Louisiana, this 9th day of June, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)